UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CR032 RWS |
| ) | |
| GERALD WAYNE DRAGICH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court based on the Government's motion that the Defendant be detained as a flight risk and a danger to the community. In determining this matter, the undersigned will consider the information in the Pretrial Services report, the information proffered at the hearing by both the Defendant and the Government, and the indictment in this matter.

The Defendant is 55 years old, and was born and raised in the St. Louis, Missouri area. Except for a period of about four years, he has spent his entire life in the St. Louis area, and has lived at his current residence in Dittmer, Missouri for the last thirteen years. His residence is owned by the Defendant and his wife. The Defendant's wife has two daughters, both of whom reside in the Tucson, Arizona area. The Defendant states that he is the owner of BKRR Enterprises, Inc., and that he custom builds motorcycles. He reports assets in the amount of $170,000, and liabilities of $19,400, for an estimated net worth of $150,000. The Defendant has chronic high blood pressure, asthma, and a heart-related condition which require daily medication. The Defendant's last contact with the criminal justice system was approximately twenty-seven years ago, and the Defendant has never been

convicted of a felony. He states that he no longer consumes alcohol because of his health condition.

The Defendant is currently charged in a fifteen-count indictment with one count of conspiracy to distribute in excess of one thousand kilograms of marijuana. The penalty for the above charge, should the Defendant be convicted, is imprisonment for not less than ten years nor more than life, and a fine of $4 million or both. The undersigned notes that the "drug and firearm offender presumption" applies in this case. This is so because the grand jury indictment provides probable cause to believe that the Defendant has committed a drug offense for which a penalty in excess of ten years is in effect. In order to negate this presumption, the Defendant must only produce "sum relevant evidence." See United States v Jessup, 757 F.2d 378 (1st Cir. 1985). Once this is introduced, although the burden shifts back fully to the Government, it does not eliminate this presumption entirely, although the presumption becomes just one factor on which bail must be determined and is not a determining factor or presumption. See United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987). In this matter, at the hearing, the Defendant proffered that he could tender up to a $50,000 secured bond. In addition, the undersigned notes that the Defendant's property would be eligible to be placed for collateral. The Defendant could also participate in electronic monitoring if the Court orders it. The undersigned concludes that this meets the Defendant's burden of producing "some relevant evidence."

In order to meet its overall burden that the Defendant be detained in this matter, the Government must show by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or any other person, or the Government must prove by a preponderance of the evidence that the Defendant is a flight risk to such an extent that no condition or combination of conditions will reasonably assure the Defendant's presence at trial

and for other matters. In order to meet this burden, the Government proffered at the hearing that the Defendant, when the agents went to arrest him, had all of his belongings packed in boxes, and appeared to be ready to move out of his house. The Defendant's attorney proffered in return that the Defendant had intended to move to Tucson, Arizona to be with his stepchildren, however, was staying in the St. Louis area because he was aware that he was going to be indicted. He stated that his indictment was almost certain from August 2008 until January 2009, and that the Defendant's attorney had informed him that his indictment was imminent. The Defendant, according to the Defendant's attorney, has stayed in the area and has kept in close touch with the Defendant's attorney. In addition, as stated above, the Defendant's attorney stated that the Defendant would be capable of posting a surety bond in this matter. The Government also stated in excess of fifteen firearms were seized from the Defendant's premises during the search of his premises in August 2008. These included a duffel bag full of ammunition for the weapons as well as rotary loaders for some of the weapons. The Defendant's attorney has proffered that the Defendant is a collector of firearms, that there is nothing illegal about the firearms, and that the Defendant is not charged with illegally possessing them, nor is anyone else charged with illegally using them in furtherance of the crimes which the Defendant and others are charged.

Although this is a close question, the undersigned concludes, based on the above, that if the following conditions are satisfied in their entirety, the Defendant may be released on bond.

1) The Defendant must post a $30,000 secured bond.

2) The Defendant must pledge his property on the bond.

3) The Defendant must submit to electronic monitoring as directed by the Court.

4) The Defendant must consume no alcohol.

5) The Defendant must be subject to the standard conditions of release in this District including drug testing.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Pretrial Detention [Doc.#8] be **denied**.

**IT IS FURTHER ORDERED** that counsel for the Defendant provide the Court the necessary documents to post the property bond which include: a deed of trust, a general warranty deed, or deed of release; if there is a mortgage on the property, then a statement of the mortgage company must be included showing the balance owed on the mortgage as well as the name and address of the mortgage company, and the paid real estate tax receipt for calendar year 2008.

                         /s/ Terry I. Adelman
                         UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of March, 2009.