# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CR0032 RWS/TCM |
| ) | |
| EDWARD JOHN BOROUGHF, ) | |
| ROBERT ALLEN TURNER, ) | |
| VICTOR DWAYNE ASHWORTH, ) | |
| WILLIAM ARTHUR BELLMORE, ) | |
| GERALD WAYNE DRAGICH, ) | |
| DONALD STEVEN EMORY, ) | |
| STEPHEN PATRICK MORRIS, ) | |
| MICHAEL SHAWN ASHWORTH, ) | |
| DANIEL CHARLES INMAN, ) | |
| TIMOTHY JAY BARTRUFF, ) | |
| TIMOTHY JAMES RAPPLEANO, ) | |
| RAYMOND EDWARD BODWAY, ) | |
| GARY WAYNE NULL, ) | |
| RONALD A. YOUNG, ) | |
| and SHANE L. ROHLING, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Government's sealed Motion to Seal Affidavit or Otherwise Protect the Identity of Informants. [Doc. 171][1]

The Court has read the Government's motion and the thirty-six page affidavit at issue. It is the Government's position that any informant in this case is in physical danger of retaliatory actions if they are identified. For purposes of t his motion the Court will accept

---

[1] It should be noted that Defendants pretrial motions are required to be filed with the Court on or before March 31, 2009.

the Government's position on this dire issue. However, it is an untenable position for defense counsel to attack a search warrant through a motion to suppress evidence without having access to the affidavit supporting the search warrant. See **United States v. Spotted Elk**, 548 F.3d 641, 660 (8th Cir. 2008) (where the court held that defendant was not prejudiced when the government failed to provide him with a copy of a relevant search warrant and affidavit because the government did provide a police report of the event and the search warrant and affidavit were public records and available to defendant without the government's assistance). Herein, the search warrant and affidavits are sealed documents and unavailable to Defendants without Government production.

The Government's motion to seal the search warrant affidavits is DENIED.

The Government alternatively reqests that it be permitted to redact the affidavit to hide the identities of the confidential informants ("CI").

The law is well settled that the Government has a privilege to withhold the disclosure of the identity of its informants. **McCray v. Illinois**, 386 U.S. 300 (1967). "The defendant bears the burden of demonstrating the need for disclosure and the court must weigh the defendant's right to information against the Government's privilege to withhold the identity of its confidential informants." **United States v. Harrington**, 951 F.2d 876, 877 (8th Cir. 1991). See also **McCray**, 386 U.S. at 310; **Roviaro v. United States**, 353 U.S. 53, 60-61 and 62 (1957). "[I]n order to override the Government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." **Harrington**, 951 F.2d at 877. "There must be some showing that the disclosure is vital to a fair trial." **United States v. Curtis**, 965 F.2d

610, 614 (8th Cir. 1992). "A trial court abuses its discretion if it orders disclosure absent a showing of materiality." Id.; **United States v. Grisham**, 748 F.2d 460, 463 (8th Cir. 1984).

As stated above, the Court will accept the Government's position that the CI's will be in danger if their identities are disclosed. Further, after a careful reading of the thirty-six page affidavit the Court finds that defense counsel will not be prejudiced in filing any suppression motions while relying on a properly redacted affidavit.

The Government's motion to protect the identity of CI's by redaction of the affidavit is GRANTED. The Government is directed to redact only identifying information in the affidavit and provide the affiant to Defendants by 5:00 p.m. on March 27, 2009.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2009.